ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| Fortis Networks, Inc. | ) | ASBCA No. 61941 |
| | ) | |
| Under Contract No. W912BV-14-D-0005 | ) | |

APPEARANCE FOR THE APPELLANT:      David A. Rose, Esq.
                                    Rose Consulting Law Firm
                                    Valdosta, GA

APPEARANCES FOR THE GOVERNMENT:    Michael P. Goodman, Esq.
                                    Engineer Chief Trial Attorney
                                   Lauren M. Williams, Esq.
                                    Engineer Trial Attorney
                                    U.S. Army Engineer District, Tulsa

OPINION BY ADMINISTRATIVE JUDGE OSTERHOUT
ON THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

This appeal concerns liquidated damages assessed on a task order to repair five different buildings, issued by the United States Army Corps of Engineers (the government or USACE) to Fortis Networks, Inc. (appellant or Fortis). The government filed a motion for summary judgment, asking the Board to uphold the liquidated damages for the full amount. We grant the motion, in part, and deny the motion, in part.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. The contracting officer (CO) awarded Contract No. W912BV-D-0005 (the contract), an indefinite-delivery, indefinite-quantity (IDIQ), on July 10, 2014. The contract included a base year and four option years for

> Design Build Single Award Task Order Contract Indefinite
> Delivery Indefinite Quantity (SATOC IDIQ) for
> construction services in support of various military, civil
> works, and International and Interagency Support (IIS)
> projects within Southwestern Division (SWD) boundaries
> and for Tulsa District customers. This contract is primarily
> for Central Oklahoma Area Resident Office projects, but
> may encompass work in other states covered by the

geographic region included in the SWD boundaries and
other SWD customers.

(R4, tab 3 at 1-16)

2. The SATOC IDIQ contract included FAR 52.211-11, Liquidated
Damages—Supplies, Services, or Research and Development (SEP 2000). The
amount for liquidated damages was set at $988 per calendar day. The clause also
stated, "(c) The Contractor will not be charged with liquidated damages when the
delay in delivery or performance is beyond the control and without the fault or
negligence of the Contractor as defined in the Default—Fixed-Price Supply and
Service clause in this contract." (R4, tab 3 at 45-46)

3. On August 28, 2014, the government issued a solicitation for a task order
under the contract for multiple repairs in Ft. Sill, OK (R4, tabs 4-5). The project was

> "a design-build construction project to replace existing
> mechanical equipment and add cooling to B1643; replace
> all sanitary and domestic water plumbing and renovate the
> first floor restrooms in B500; provide a new fire sprinkler
> system and alarm system in B443; provide a new HVAC
> system in B443, which was listed as an option the
> government could exercise; provide sound proofing on
> ductwork in B700; and replace an existing oil-water
> separator in B2245"

(R4, tab 5 at 3). Each contract line item number (CLIN) had its own
distinct and detailed section of the statement of work, numbered 01 10
00 with a letter designation after the number of A through F (R4, tab 5
at 2, 219-355).

4. The solicitation included an updated liquidated damages amount for the task
order. The amount was $735 per calendar day. (R4, tab 5 at 11)

5. On September 29, 2014, the CO awarded Task Order No. 0002 (the task order).
CLIN 0001 was a job to replace the Heating Ventilation and Air Conditioning (HVAC) in
building no. 1643, valued at $433,457. CLIN 0002 was a job to replace plumbing and
renovating bathrooms in building no. 500, valued at $865,927. CLIN 0003 was a job to
replace the fire suppression system in building no. 443, valued at $551,078. CLIN 0004
was a job to provide duct soundproofing in building no. 700, valued at $28,406.
CLIN 0005 was a job to replace the oil and water separator in building no. 2245, valued
at $225,258. CLIN 0006 was an option the CO exercised to install HVAC in building

no. 443, valued at $845,636.  (R4, tab 8 at 1-4)

6.  Task Order No. 0002 contained Federal Acquisition Regulation (FAR) 52.211-10, COMMENCEMENT, PROSECUTION, AND COMPLETION OF WORK (APR 1984), ordering appellant to begin within 10 days after the receipt of notice to proceed and to finish the project in not more than 592 calendar days (R4, tab 8 at 13).

7.  On October 28, 2014, the CO issued the notice to proceed (R4, tab 10).  We find that 592 calendar days after October 28, 2014 was June 11, 2016.

8.  On January 27, 2016, the CO modified task order no. 0002 for a no-cost change to remove "the new mechanical room as described in 01 10 00 C Part 5.3.5" from the contract and add repairing an additional 2,000 square feet of deteriorated ceilings and walls in various locations.  Appellant's Vice President signed the modification.  The modification included a release, in which appellant agreed "to release and discharge the Government, its officers, agents, and employees from any and all claims and demands whatsoever (present, past, or future) arising out of or incidental to the performance by the contractor of the work herein described."  The contract delivery time remained unchanged.  (R4, tab 9)

9.  Beginning in February 2016, the CO informed appellant that it was behind schedule in payment documents.  The CO also informed appellant that it would retain 10% of the payment request until satisfactory progress was achieved.  (R4, tab 11 at 534).  At that time, CLIN 0001 was 49% complete, CLIN 0002 was 62% complete, CLIN 0003 was 20% complete, CLIN 0004 was 100% complete, CLIN 0005 was 96% complete, and CLIN 0006 had been removed from the task order in the first modification and was listed as 0% complete (R4, tab 11 at 536).

10.  The government continued to withhold 10% of the payments for Pay Applications 9 through 30.[1]  (R4, tab 11 at 645, 756, 964, 1064, 1166, 1268, 1370, 1471, 1565, 1665, 1752, 1838, 1925, 2010, 2096, 2188, 2280, 2378, 2395, 2486, and 2576).  The government informed appellant in the payment documentation that it was assessing liquidated damages as early as April 20, 2016 (R4, tab 11 at 756).  The government continued to inform appellant of the amount of liquidated damages for the remainder of the invoices, increasing the amount each invoice (R4, tab 11 at 964, 1064, 1166, 1268, 1370, 1471, 1565, 1665, 1752, 1838, 1925, 2010, 2096, 2188, 2280, 2378, 2395, 2486, and 2576).

11.  According to the processed invoices, the government authorized payment for 100% completion of CLIN 0004 on May 18, 2015 (R4, tab 11 at 89, 91).

---

[1] Pay application 11 was paid in full.

12. According to the processed invoices, the government authorized payment for 100% completion of CLIN 0002 on October 7, 2016 (R4, tab 11 at 1370, 1372).

13. According to the processed invoices, the government authorized payment for 100% completion of CLIN 0005 on November 15, 2016 (R4, tab 11 at 1471, 1473).

14. According to the processed invoices, the government authorized payment for 100% completion of CLIN 0003 on April 12, 2017 (R4, tab 11 at 1925, 1927).

15. According to the processed invoices, the government authorized payment for 99.7% completion of CLIN 0001 on May 17, 2018 (R4, tab 11 at 2576, 2578).

16. On November 7, 2018, the CO issued a final decision, Contracting Officer's Final Decision (COFD) assessing liquidated damages because appellant allegedly failed to complete the work until August 7, 2018, 787 calendar days beyond the required contract completion date of June 11, 2016. The CO demanded $735 per day for 787 calendar days of delay, for a total of $578,445. The CO withheld the remaining $81,163.45 left on the contract and demanded payment from appellant in the amount of $496,281.55. (R4, tab 2)

17. By letter dated January 16, 2019, appellant timely appealed the assessment of liquidated damages and the Board docketed the appeal as ASBCA No. 61941.

18. The government filed a motion for summary judgment and listed 32 facts (gov't mot. for summary judgment (MSJ) at 1-7). Appellant responded that it had "no specific disagreement" with the facts (app. resp. at 1). Thus, we find that the government's 32 facts are uncontested. Of particular note, by not disagreeing with the government's facts, appellant agreed that: the period of performance ended on June 11, 2016, by agreeing with fact no. 10; performance was not completed until August 7, 2018, by agreeing with government fact no. 17; appellant never filed an excusable delay claim by agreeing with fact no. 31; and by agreeing with fact no. 32, appellant never asked for any extensions of time (gov't MSJ at 1-7). We further find that a review of the record supports the above-mentioned facts.

POSITIONS OF THE PARTIES

I. THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

The government moved for summary judgment, stating that it properly assessed liquidated damages (gov't MSJ at 12). The government provided 32 uncontested facts to support its motion (SOF ¶ 18). The government asserted that appellant admitted the construction was late and that the liquidated damages clause was included in the contract (gov't MSJ at 12-13). The government also asserted that appellant admitted it

never requested time extensions or asserted any excusable delays (gov't MSJ at 13).

The government also contended that even if appellant tried to file a claim for excusable delays, it could not currently render a decision due to fraud allegations (gov't MSJ at 16). The government asserted that it received notification of a fraud allegation after appellant appealed its claim to the Board (gov't MSJ at 5). Specifically, the United States Army Criminal Investigation Command (CIC), Major Procurement Fraud Unit in Phoenix, AZ, as well as the Defense Criminal Investigative Service (DCIS), also in Phoenix, AZ, were investigating appellant for fraudulent violation of the Small Business Administration's Historically Underutilized Business (HUB) Zone Program certification that the government considered during award of the SATOC contract (gov't MSJ at 5).

The government also discussed that appellant did not respond to or was late to answer discovery requests as proof that appellant cannot meet its burden to demonstrate that the late completion date was excusable (gov't MSJ at 13-16).

## II. APPELLANT'S RESPONSE

Appellant responded that it did not have a "specific disagreement" with the government's facts numbered 1-32 (app. resp. at 1). Appellant then listed many facts from its complaint (app. resp. at 1-4). Appellant argued that there were five separate tasks and the government acted in bad faith when it failed to apportion the liquidated damages among the bundled projects in the task order (app. resp. at 5-6). Appellant also stated that the government acted in bad faith for several other reasons that caused delay in the project (app. resp. at 6).

Appellant stated that the facts relied upon by the government did not support the Board deciding in favor of the government because the government failed to address the basis of appellant's complaint. Appellant stated, "[t]herefore, while some of the bases for objecting to the liquidated damages may have been shown as being worthy of summary judgment ([a]ppellant disagrees), [r]espondent has not gone back to the Complaint and addressed the Complaint and its facts in support of its position, including the facts which are grounded in bad faith." (App. resp. at 7-8)

## III. GOVERNMENT'S REPLY

The government asserted that appellant did not overcome the summary judgment standard because appellant failed to dispute any genuine issues of material fact (gov't reply at 3). Further, the government asserted that appellant cut and pasted facts from its complaint but that those facts are either not supported or are not in dispute (gov't reply at 4). The government also asserted that appellant failed to demonstrate any genuine issues of material fact (gov't reply at 8). Finally, the

government analyzed why it acted within the covenant of good faith and fair dealing (gov't reply at 10-13).

DECISION

Summary judgment is proper if the record and pleadings demonstrate that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The moving party bears the burden of establishing the absence of any genuine issue of material fact, and all significant doubt over factual issues must be resolved in favor of the party opposing summary judgment." *Chugach Federal Solutions, Inc.*, ASBCA No. 61320, 20-1 BCA ¶ 37,617 at 182,594 (citing *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390-91 (Fed. Cir. 1987)). To defeat a motion for summary judgment, a non-moving party must set forth facts sufficient enough to demonstrate that a genuine issue of material fact exists. *AXXON International, LLC*, ASBCA No. 61224 *et al.*, 20-1 BCA ¶ 37,489 at 182,144 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A genuine issue of material fact arises when the nonmovant presents sufficient evidence upon which a reasonable fact finder, drawing the requisite inferences and applying the applicable evidentiary standard, could decide the issue in favor of the nonmovant." *C. Sanchez and Son, Inc. v. United States*, 6 F.3d 1539, 1541 (Fed. Cir. 1993) (citations omitted). When considering motions for summary judgment, the evidence produced by the non-moving party is to be believed and all justifiable inferences are drawn in its favor. *Europe Asia Constr. Logistic*, ASBCA No. 61553, 19-1 BCA ¶ 37,267 at 181,351 (citing *American Boys Constr. Co.*, ASBCA No. 61163, 18-1 BCA ¶ 36,949 at 180,051).

## I. NO GENUINE ISSUES OF MATERIAL FACT

Here, the government moved for summary judgment because appellant was late in completing the task order. In its motion, the government provided 32 facts which appellant did not dispute (gov't MSJ at 1-7; app. resp. at 1). It is undisputed that: the period of performance for the contract ended on June 11, 2016; performance was not completed until August 7, 2018; appellant never filed an excusable delay claim; and appellant never asked for any extensions of time (SOF ¶ 18).

Appellant did not provide a separate Statement of Genuine Issues of Material Fact and failed to demonstrate that genuine issues of material fact existed. Appellant simply provided portions of its complaint again without any explanation of why they were relevant to the motion for summary judgment (app. resp. at 1-4). Appellant did not point to which of those facts disputed the government's facts and failed to demonstrate that evidentiary conflict existed on the record. *See CLC Constr. Co.*, ASBCA No. 59110, 20-1 BCA ¶37,584 at 182,493 ("The nonmoving party is not required to present its entire case in response to a summary judgment motion to avoid

defeat, but it must demonstrate that evidentiary conflicts exist on the record as to material facts at issue.") (citations omitted). Appellant simply listed vague allegations of disputed facts in opposition to the government's motion, which was not sufficient to demonstrate a genuine issue of material fact. *Id.* ("A nonmoving party may not simply rest upon vague allegations of disputed facts in opposing summary judgment."). Additionally, appellant generally stated conclusory arguments about bad faith, which also did not create a genuine issue of material fact. *See Applied Cos. v. United States*, 144 F.3d 1470, 1475 (Fed. Cir. 1998) ("It is well settled that a 'conclusory statement on the ultimate issue does not create a genuine issue of fact.'") (citing *Imperial Tobacco Ltd. v. Philip Morris, Inc.*, 899 F.2d 1575, 1581 (Fed. Cir. 1990)). Based upon this, even read in the light most favorable to appellant, it did not provide sufficient facts to demonstrate that genuine issues of material fact exist with regard to late performance under the contract.

## II. ENTITLEMENT TO JUDGMENT AS A MATTER OF LAW

Even though appellant failed to demonstrate any genuine issues of material fact with regard to late performance, appellant raised a legal argument on the facts as to whether the government is entitled to judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 317, 322. Appellant presented a compelling legal argument concerning the facts in the record, specifically that the government failed to apportion liquidated damages when the task order had work for five different buildings (app. resp. at 5-6).[2] The task order contained distinct CLINs that involved separate projects in separate buildings that were completed at different times (SOF ¶¶ 5, 9, 11-15).

The government issued a task order for construction on five separate buildings (SOF ¶ 5). The work was to be completed by June 11, 2016 (SOF ¶ 7). The government considered the projects under each CLIN complete at different times (SOF ¶¶ 9, 11-15). At least one project was completed prior to the contractually required completion date and others may have been considered substantially complete prior to the required completion date (SOF ¶¶ 9, 11-15). Even though the government considered each project substantially complete at different times, the government assessed liquidated damages for the complete amount for 787 calendar days of delay, through August 7, 2018 (SOF ¶ 16). However, the government did not state that all of the buildings were delayed or explain how it arrived at the assessment. In this task order that contained distinct projects in five separate buildings with separate completion times and separate and distinct final payments, where some of the projects were completed or substantially complete on time, the government should have apportioned the liquidated damages. *See Dick Pacific Constr. Co.*, ASBCA No. 57675 *et al.*,

---

[2] Appellant's argument was very brief; however, it did apply facts from this appeal concerning five separate buildings in the task order to the case law it cited (app. resp. at 5).

16-1 BCA ¶36,196 at 176,640-41.  Assessing complete liquidated damages on this task order was a penalty on the portions that were substantially complete within the contractually required period of performance.  Thus, assessing full liquidated damages after substantial completion of some of the CLINs is unenforceable.  *Id.* at 176,641

### III.  APPELLANT'S REMAINING THEORIES

In its response to the government's motion, appellant stated that the government was not entitled to judgment as a matter of law because the government did not address all of its arguments or positions portrayed in its complaint (app. resp. at 7-8).  However, apportioning liquidated damages was the most developed argument in appellant's complaint: appellant included legal argument in its statement of facts concerning apportioning liquidated damages (compl. ¶ 4); included facts specific to this appeal in its legal basis section (compl. ¶ 5); and highlighted the need to apportion liquidated damages first in its argument section (compl. ¶ 6).

In its complaint, appellant listed several brief and conclusory statements in addition to apportioning liquidated damages about the government's bad faith for failing to allow additional time and failing to acknowledge constructive acceleration (compl. ¶¶ 45-51).  However, appellant did not provide any analysis about how any of the facts it listed applied to these theories of relief.

The government responded to the conclusory allegations in the complaint by stating in fact no. 31 that appellant never filed a claim for excusable delay and in fact no. 32 that appellant never requested an extension of time on the contract (gov't MSJ at 7).  Appellant's admission of facts nos. 31-32 render appellant's further arguments in the complaint concerning delay and constructive acceleration moot.  Neither the complaint nor appellant's response to the government's motion contain allegations that appellant ever requested an extension to the delivery date or gave the contracting officer notice that appellant requested an extension.  Thus, we will not consider appellant's remaining arguments.

CONCLUSION

We grant, in part, the government's motion for summary judgment for assessing liquidated damages.  However, we deny the government's motion for summary judgment as to the amount assessed for liquidated damages.  Thus, we return the appeal to the parties to determine the proper apportionment of the liquidated damages under the task order.

Dated:  June 2, 2021

HEIDI L. OSTERHOUT
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61941, Appeal of Fortis Networks, Inc., rendered in conformance with the Board's Charter.

Dated:  June 2, 2021

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals